# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Freda Smith,

        Plaintiff,

                Case No. 1:24-cv-1002-MLB

v.

City of Hapeville,

        Defendant.

_____/

## OPINION & ORDER

Plaintiff's complaint asserts claims for "FMLA interference" (Count 1), "FMLA retaliation" (Count 2), ADA "disparate treatment" (Count 3), and ADA "retaliation" (Count 4). (Dkt. 1 at 8–11.) The Magistrate Judge recommends granting Defendant's motion for summary judgment on these claims because Plaintiff did not address or defend them in her response to Defendant's motion. (Dkt. 58 at 7–9.) No one objects to this well-supported recommendation, so the Court adopts it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (district court need not review unobjected-to portions of an R&R); *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in

the complaint but not relied upon in summary judgment are deemed abandoned.").

That would normally be the end of the matter. But, in her R&R objections, Plaintiff insists her complaint also asserts an ADA claim for failure to accommodate her disability. (Dkt. 60 at 6–8.) She says this is so because, even though she does not mention the claim in the formal counts at the end of her complaint, her "factual allegations expressly identif[y] Plaintiff's disability, Defendant's knowledge, a specific accommodation request, and Defendant's failure to engage in the accommodation process." (Dkt. 60 at 2, 8.) The Magistrate Judge rejected this argument. (Dkt. 58 at 9–14.) So does the Court.

Plaintiff's complaint does allege—albeit only tersely—that Plaintiff had a disability, Defendant knew about it, Plaintiff's doctor "recommended to Defendant that Plaintiff be placed on light-duty," "Plaintiff was unable to return to work," and "Defendant terminated Plaintiff's employment." (Dkt. 1 ¶¶ 13, 24–25, 29, 39.) But the complaint never "expressly" accuses Defendant of "fail[ing] to engage in the accommodation process." Plaintiff's argument to the contrary doesn't even cite to the complaint and instead relies on the parties' summary

judgment evidence.  (*See* Dkt. 60 at 7.)  The complaint also refers to the doctor's light-duty recommendation as an "accommodation" request only once, only in Plaintiff's ADA retaliation claim, and, even then, only as the protected activity for which she was terminated.  (Dkt. 1 ¶¶ 44–45.)  That Plaintiff explicitly invokes the concept of an "accommodation" request to establish the protected activity required for her retaliation claim—but otherwise says nothing about it—suggests she intended to use it only for that limited purpose.  That she lists four discrete counts at the end of her complaint—but not one for failure to accommodate a disability—suggests the same thing.

To be sure, the complaint does assert ADA counts for "disparate treatment" and "retaliation."   But these are "different types of discrimination claims" than a failure-to-accommodate claim, both as pled in Plaintiff's complaint and more generally as a matter of law.  *Hausberg v. Wilkie*, 2021 WL 4133739, at *2 (M.D. Fla. Sept. 10, 2021).  So, if anything, their inclusion in the complaint signals Plaintiff's intent to go in a different direction than she is trying to go now.  *See Quality of Life, Corp. v. City of Margate*, 805 F. App'x 762, 767 (11th Cir. 2020) (ADA claims for "disparate treatment" and "failure to provide a reasonable

accommodation" are "distinct grounds for relief"); *Ford v. Marion Cnty. Sheriff's Off.*, 942 F.3d 839, 850 (7th Cir. 2019) (ADA claims for "retaliation" and "denial of reasonable accommodation" require "proof of different factual circumstances under different legal tests" and "courts must treat them as distinct"); *Murray v. Warren Pumps, LLC*, 821 F.3d 77, 83 (1st Cir. 2016) ("failure to provide reasonable accommodations" and "retaliatory discharge" are "distinct theories of disability discrimination"); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999) ("a failure to accommodate claim is separate and distinct from a claim of discriminatory treatment under the ADA" and is "analyzed differently under the law").[1]

---

[1] *See also Tessa G. v. Becerra*, 2024 WL 5700923, at *2 (N.D. Ga. Sept. 18, 2024) ("Generally, a failure-to-accommodate claim under the ADA is a discrete claim that must be exhausted separately from a discrimination or retaliation claim."); *Jordan v. TJX*, 2025 WL 790962, at *3 (S.D. Ala. Mar. 12, 2025) ("Because they are based on different theories of liability, claims under the ADA for disparate treatment disability discrimination and denial of reasonable accommodation must be raised in separate counts."); *Baker v. Hewlett Packard Enter. Co.*, 2019 WL 13154860, at *2 (N.D. Fla. Feb. 20, 2019) ("[A] failure to accommodate and disability discrimination are two separate claims."). The Court recognizes that *Quality of Life* and other unpublished cases cited herein are not binding. The Court cites them as instructive, nonetheless. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

As other courts have noted, where a complaint "contain[s] background allegations that [defendant] failed to accommodate [plaintiff's] disability" but plaintiff does not "designate this claim as part of her . . . delineated causes of action," the allegations do not "afford the opposing party fair notice" of the claim. *Bell v. Shulkin*, 709 F. App'x 167, 169 (4th Cir. 2017); *see Cacciamani v. Target Corp.*, 622 F. App'x 800, 804–05 (11th Cir. 2015) (complaint does not contain a claim if it does not put defendant "on notice" of the claim). Or, put another way, "passing references" to facts that might logically bear on a claim are not enough to assert that claim where the plaintiff commits to different causes of action in the formal counts at the end of her complaint. *Winnie v. Infectious Disease Assocs., P.A.*, 750 F. App'x 954, 960 n.3 (11th Cir. 2018) (although plaintiff made "passing references to an accommodation in her complaint," she did not assert "an independent failure-to-accommodate claim" because "her ADA claim [was instead] premised on a discriminatory termination").

That is what we have here. Plaintiff may have pled a few accommodation-related facts. But she never packaged those allegations as a discrete failure-to-accommodate claim, she did not include such a

claim in the counts at the end of her complaint, she asserted other claims in those counts, and she explicitly tied her accommodation request to a theory of liability—one asserted in her formal counts—that is "distinct" from a "failure to accommodate claim." *Sutherland v. Peterson's Oil Serv., Inc.*, 126 F.4th 728, 741 (1st Cir. 2025) (a retaliation claim based on the theory that plaintiff was terminated for making an accommodation request, is "distinct" from a "failure to accommodate claim"). Under these circumstances, even assuming it were possible to cobble together a failure-to-accommodate claim from a handful of the allegations scattered across Plaintiff's complaint, Defendant was not required to connect those dots. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (defendant need not "infer all possible claims that could arise out of facts set forth in the complaint"); *see also Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020) (complaint did not assert a retaliation claim under 42 U.S.C. § 1981 even though it "mentioned retaliation in passing" as part of a "claim under 42 U.S.C. § 1981 for unlawful racial discrimination" and even though it "asserted a Title VII retaliation claim"); *Boone v. City of McDonough*, 571 F. App'x 746, 750 (11th Cir. 2014) (complaint did not

assert claims for harassment or hostile work environment even though it referenced racist/sexist comments in the workplace, an atmosphere of race/sex discrimination, plaintiff's internal complaints about these issues, and defendant's failure to follow its harassment policy, and even though plaintiff did assert claims for race/sex discrimination and retaliation in the counts at the end of her complaint).[2]

Plaintiff did not assert a failure-to-accommodate claim in her complaint, she cannot rely on that claim at summary judgment, she has abandoned her other claims, and Defendant is thus entitled to summary judgment.  The Court **OVERRULES** Plaintiff's Objections (Dkt. 60), **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Dkt. 58) (except for section II.B.2 of the Report and Recommendation,

---

[2] The Court has reviewed the underlying complaints in *Winnie*, *Monaghan*, and *Boone*. The *Winnie* complaint is particularly problematic for Plaintiff because it invoked a failure-to-accommodate theory far more explicitly than Plaintiff's complaint does here. *See Winnie v. Infectious Disease Associates, P.A.*, 8:15-cv-2727-MSS-MAP (M.D. Fla. Oct. 5, 2016), ECF No. 22.  If its allegations were not enough to raise the theory there, Plaintiff's allegations cannot be enough here.

which addresses an issue the Court need not decide), and **GRANTS**

Defendant's Motion for Summary Judgment (Dkt. 44).[3]

    **SO ORDERED** this 19th day of March, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[3] In section II.B.2 of the R&R, the Magistrate Judge found Plaintiff's putative failure-to-accommodate claim is "barred as untimely." (Dkt. 58 at 15–20.)  The Court need not reach this issue because Defendant is entitled to summary judgment regardless.